# Exhibit A

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Dalava Whyte-Gustavo

☐ Superior or ☒ State Court of  CLAYTON  County

| For Clerk Use Only | | | |
|---|---|---|---|
| **Date Filed**  4/29/2022  MM-DD-YYYY | | **Case Number**  2022CV00876 | |

**Plaintiff(s)**

| WILLIAMS | ZURI | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| THE KROGER COMPANY | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| WITRON INTEGRATED LOGISTICS CORPORATION | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| JOHN DOE DEFENDANTS 1-12 | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney**  NATANYA H. BROOKS   **Bar Number**  341039   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

☐ **Automobile Tort**
☐ **Civil Appeal**
☐ **Contract**
☐ **Garnishment**
☒ **General Tort**
☐ **Habeas Corpus**
☐ **Injunction/Mandamus/Other Writ**
☐ **Landlord/Tenant**
☐ **Medical Malpractice Tort**
☐ **Product Liability Tort**
☐ **Real Property**
☐ **Restraining Petition**
☐ **Other General Civil**

**Domestic Relations Cases**

☐ **Adoption**
☐ **Dissolution/Divorce/Separate Maintenance**
☐ **Family Violence Petition**
☐ **Paternity/Legitimation**
☐ **Support – IV-D**
☐ **Support – Private (non-IV-D)**
☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

☐ **Contempt**
☐ **Non-payment of child support, medical support, or alimony**
☐ **Modification**
☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
            Case Number                          Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                                          **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ZURI WILLIAMS,

    Plaintiff,

    v.

THE KROGER CO., WITRON
INTEGRATED LOGISTICS CORP., and
JOHN DOE DEFENDANTS 1 THROUGH
12,

    Defendants.

CIVIL ACTION FILE
NO. 2022CV00876

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

Plaintiff Zuri Williams files this Complaint for Damages against Defendants The Kroger Co., Witron Integrated Logistics Corp., and John Doe Defendants 1 through 12, showing the Court as follows:

1

Plaintiff Zuri Williams is a resident of the State of Mississippi.

2

Defendant The Kroger Co. ("Kroger") is a foreign corporation incorporated under the laws of the State of Ohio. Kroger is registered to transact business in the State of Georgia and may be served with process through its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, Cobb County, Georgia 30060.

3

Defendant Kroger has been properly served with process in this action.

4

Defendant Witron Integrated Logistics Corp. ("Witron") is a foreign corporation incorporated under the laws of the State of Delaware. Witron is registered to transact business in the State of Georgia and may be served with process through its registered agent, CT Corporation, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

5

Defendant Witron has been properly served with process in this action.

6

John Doe Defendants 1 through 3, whether singular or plural, are those entities or persons that had a duty or responsibility to hire, train, retain, and/or manage any and all individuals that operated the subject forklift on the date of the incident.

7

John Doe Defendants 4 through 6, whether singular or plural, are those entities or persons that had a duty or responsibility to inspect, maintain, repair, or otherwise assume any level of responsibility for the subject forklift on the date of the incident.

8

John Doe Defendants 7 through 9, whether singular or plural, are those entities or persons that owned, leased, occupied, operated, maintained, inspected, controlled and/or managed the subject forklift on the date of the incident.

9

John Doe Defendants 10 through 12, whether singular or plural, are those persons that operated the subject forklift on the date of incident and had any level of responsibility in how it was parked prior to injuring Plaintiff.

10

The John Doe Defendants 1 through 12 are incorporated where any Defendant is referenced in this civil action.

11

Jurisdiction and venue are proper in this Court.

12

On August 3, 2020, Zuri Williams was employed by Capstone Logistics, LLC ("Capstone") and was working at 2000 Anvil Block Road, Forest Park, Georgia 30297 (the "Premises"). Kroger owned the Premises on August 3, 2020.

13

On August 3, 2020, Mr. Williams was seriously injured at the Premises. Mr. Williams was driving a ridable pallet jack to its designated parking area at the Premises. Unknown to Mr. Williams was that a forklift had been left parked with its blades in a raised position around the corner. As Mr. Williams turned the corner, he was stabbed in the foot by the forklift blade (the "Incident"). Mr. Williams suffered serious injuries to his foot because of the impact.

14

Upon information and belief, at the time of the Incident, Witron owned, leased, controlled, maintained, and/or managed the subject forklift that was operated by one or more Co-Defendants at the time of the Incident.

15

At the time of the Incident, Defendants had a duty to operate the forklift with ordinary care and to keep the Premises safe for invitees, like Mr. Williams.

16

As a direct and proximate consequence of the wrongful acts and omissions of the Defendants, Mr. Williams sustained serious injury to his foot. Defendants' acts were a cause-in-fact and a proximate cause of such injuries. All Defendants are jointly and severally liable for the acts and claims set forth herein.

17

At all relevant times and under the circumstances then existing on the date of the Incident, Mr. Williams exercised ordinary care and diligence and was a victim free of any contribution to his injuries.

18

Mr. Williams had no constructive or actual knowledge of the dangerous condition of the Premises, as described herein.

19

Prior to the date of the Incident, Defendants had actual and constructive knowledge that untrained persons operated forklifts at the Premises before the time of the Incident, but negligently permitted said activity to exist and remain.

20

Prior to the date of the Incident, Defendants negligently failed to enact, promulgate, implement, or enforce policies and procedures for the safe operation of forklifts including, but not limited to, ensuring forklifts were properly operated at the Premises.

21

Despite this, Defendants negligently failed to take action to ensure the safety of persons performing work at the Premises.

22

Defendants were negligent and said negligence proximately caused Mr. Williams's injuries. Said negligence includes, but is not limited to:

a. Violation of federal, state, and local building and safety codes and/or standards for failure to provide a safe work environment, as may be proven at trial;

b. In failing to observe adequate safety standards of invitees at the Premises;

c. In failing to promulgate and enforce company policies, procedures, and rules for the protection of Mr. Williams and others similarly situated;

d. In failing to properly inspect, maintain, and operate forklifts at the Premises;

e. In failing to properly hire, supervise, train, and retain people to operate forklifts at the Premises;

f. In parking the subject forklift with the blades in a raised position; and

g. All other acts of negligence to be proven at trial.

23

Defendants were negligent per se.

24

Defendants negligently employed, retained, trained, and supervised employees on the Premises and are liable under theories of agency, respondeat superior, and vicarious liability.

25

Defendant Witron was negligent in failing to provide adequate onsite safety supervision of employees, independent contractors, subcontractors, and/or other business invitees.

26

Defendant Kroger and/or Defendant Witron were negligent in failing to exercise ordinary

care to keep the Premises safe for invitees, including Mr. Williams, in violation of O.C.G.A. §
51-3-1.

27

Defendants are liable for Mr. Williams's injuries, pain and suffering, and all other
elements of damages allowed under the laws of the State of Georgia. Defendants are liable to Mr.
Williams directly, as well as under theories of respondeat superior and agency principles.

28

Mr. Williams is entitled to recover from Defendants damages in an amount to be proven
at trial.

29

The damages claimed by Mr. Williams were proximately caused by the negligent acts
and omissions of Defendants.

30

As a direct and proximate result of Defendants' negligence, Mr. Williams suffered
severe physical injuries, accumulating both special and general damages, including
past and future medical expenses, other necessary expenses, past and future lost
earnings, mental and physical pain and suffering due to bodily injuries and personal
inconvenience, and disabilities and disfigurement which have impacted his ability to
lead a normal life.

31

To date, Mr. Williams has incurred over $72,000 in special damages (which
continue to accrue) as a direct and proximate result of Defendants' negligence.

32

Each of the foregoing acts and omissions of Defendants constitute an independent act of negligence on the part of Defendants, and one or more or all above-stated acts were the proximate cause of all injuries of Mr. Williams. Defendants are liable for the injuries sustained, pain and suffering, expenses of treatment, and all other elements of damage recoverable under Georgia law.

33

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense by forcing Plaintiffs to resort to the use of the court system in order to resolve their claims when there is no bona fide controversy. Accordingly, Plaintiffs seek attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray that:

a.      the Summons and Complaint be served upon Defendants according to the law;

b.      Plaintiff recover from Defendants all damages for all loses compensable under Georgia law, as set forth above;

c.      Plaintiff recover from Defendants a sum of damages to compensate him for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

d.      Plaintiff be awarded pre-judgment interest on all damages allowed by law;

e.      Interest on the judgment be awarded at the legal rate from the date of judgment;

f.      All costs of this action be taxed against Defendants; and

g.      Plaintiff have any and all other relief the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which he has a right to a jury.

This 29th day of April, 2022.

Respectfully submitted,

Brooks Injury Law, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, Georgia 30092
(678) 813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

Natanya H. Brooks, Esq.
Georgia Bar No. 341039
Meredith S. Watts, Esq.
Georgia Bar No. 362080
*Attorneys for Plaintiff*

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Dalaya Whyte-Gustave

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236

TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

ZURI WILLIAMS

Plaintiff

Vs.

THE KROGER COMPANY, WITRON INTEGRATED
LOGISTICS CORPORATION, AND JOHN DOES 1-12

Defendant

2022CV00876

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):   THE KROGER COMPANY

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

BROOKS INJURY LAW C/O NATANYA H. BROOKS
3740 DAVINCI COURT, SUITE 150
PEACHTREE CORNERS, GA 30092

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Dalaya Whyte-Gustave

By:_____

Deputy Clerk

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Dalaya Whyte-Gustave

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

_____

_____

_____

_____
                                    Plaintiff

Vs.                                                    2022CV00876
                                                _____
_____        Case Number

_____

_____
                                    Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):    WITRON INTEGRATED LOGISTICS CORP
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

                    Dalaya Whyte-Gustave
By:_____
Deputy Clerk

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Dalaya Whyte-Gustavi**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ZURI WILLIAMS,

     Plaintiff,

     v.

THE KROGER CO., WITRON
INTEGRATED LOGISTICS CORP., and
JOHN DOE DEFENDANTS 1 THROUGH
12,

     Defendants.

CIVIL ACTION FILE
NO. 2022CV00876

JURY TRIAL DEMANDED

### PLAINTIFF'S FIRST REQUESTS FOR
### ADMISSIONS TO DEFENDANT THE KROGER CO.

Pursuant to O.C.G.A. §§ 9-11-36, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant The Kroger Co. respond under oath to the following requests within 45 days in accordance with the Definitions set forth below.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Kroger,' "you" or "your" shall mean, collectively, Defendant The Kroger Co. and its officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest, successors in interest, and any other person or entity acting on The Kroger Co.'s behalf or subject to The Kroger Co.'s control.

2.     "Witron" shall mean, collectively, Defendant Witron Integrated Logistics Corp. and its officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest, successors in interest, and any other person or entity acting on Witron's behalf or subject to Witron's control.

3.      "Capstone" shall mean, collectively, Capstone Logistics, LLC and its officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest, successors in interest, and any other person or entity acting on Capstone's behalf or subject to Capstone's control.

4.      "Document" is synonymous in meaning and equal in scope to its usage in O.C.G.A. § 9-11-34(a)(1), which includes "writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form." The term "document" includes all forms of electronically stored information ("ESI"), as well as related and relevant metadata for all ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments. ESI may be generated or stored in several locations, including social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. The term "document" includes any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

5.      "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6.      The "Litigation" shall mean this proceeding, styled *Williams v. The Kroger Co. et al.,* currently pending in State Court of Clayton County.

7.      "Relate," "relating," or "regarding" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

8.     "Communication" means the transmission of information or data in any form including written, oral, electronic, or other transmissions, including without limitation personal conversations, e-mail, text message, any other method or means of electronic communication, conferences, telephone conversations, memoranda, letters, correspondence, reports, and publications, and shall include any means of conveying a message, thought, or idea from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

9.     The "Premises" shall mean the property located at 2000 Anvil Block Road, Forest Park, Georgia 30297.

10.    The "Place of the Incident" shall mean the area at the Premises where Plaintiff Zuri Williams was injured on August 3, 2020 when a forklift blade stabbed his foot.

11.    The "Incident" shall mean the forklift blade that stabbed Zuri Williams's foot on August 3, 2020 at the Premises, as fully detailed in Plaintiff's Complaint.

12.    The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

13.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

14.    The use of singular form includes plural, and vice versa.

15.    The use of present tense includes past tense, and vice versa.

### REQUESTS FOR ADMISSION

1.     Admit that Kroger has been properly identified and named in the Complaint.

2.     Admit that there are no other parties who should be named in the Complaint.

3.     Admit that Kroger is subject to the jurisdiction of this Court.

4.     Admit that venue is proper in this Court.

5.     Admit that Plaintiff's Complaint was filed within the Statute of Limitations.

6.     Admit that Kroger was properly served with Plaintiff's Summons and Complaint.

7.     Admit that Kroger was properly served with Plaintiff's Summons and Complaint within the Statute of Limitations.

8.     Admit that the Incident referred to in Plaintiffs' Complaint did, in fact, occur on August 3, 2020.

9.     Admit that you owned the Premises from the time of purchase through August 3, 2020.

10.    Admit that you owned the Place of the Incident at the Premises on August 3, 2020.

11.    Admit that you had the ability to control access to the Premises from the time of purchase through August 3, 2020.

12.    Admit that you had the ability to exclude others from the Premises from the time of purchase through August 3, 2020.

13.    Admit that you had control over the work being performed by Witron at the Premises from the time of purchase through August 3, 2020.

14.    Admit that you had access to the Premises from the time of purchase through August 3, 2020.

15.    Admit that from the time purchase through August 3, 2020, your employees had access to the Premises.

16.    Admit that from the time of purchase through August 3, 2020, your employees were present at the Premises.

17.    Admit that you owned the Premises on the date of the Incident.

18.     Admit that you had the ability to control access to the Premises on the date of the Incident.

19.     Admit that you had the ability to exclude others from the Premises on the date of the Incident.

20.     Admit that you had control over the work being performed by the employee operating the subject forklift on the date of the Incident.

21.     Admit that you had access to the Premises on the date of the Incident.

22.     Admit that on the date of the Incident, your employees had access to the Premises.

23.     Admit that on the date of the Incident, your employees were present on the Premises.

24.     Admit that on the date of the Incident, prior to the occurrence of the Incident, your employees were present on the Premises.

25.     Admit that you occupied the Place of the Incident at the Premises on the date of the Incident.

26.     Admit that you had the ability to control access to the Place of the Incident at the Premises on the date of the Incident.

27.     Admit that you had the ability to exclude others from the Place of the Incident at the Premises on the date of the Incident.

28.     Admit that you had access to the Place of the Incident at the Premises on the date of the Incident.

29.     Admit that on the date of the Incident, your employees had access to the Place of the Incident at the Premises.

30.     Admit that on the date of the Incident, your employees were present at the Place of the Incident at the Premises.

31.     Admit that on the date of the Incident, prior to the Incident, your employees were present at the Place of the Incident at the Premises.

32.     Admit that, prior to the date of the Incident, you had actual or constructive knowledge that employees operating forklifts at the Premises did not have training to operate the forklifts.

33.     Admit that, prior to the date of the Incident, you had actual or constructive knowledge that employees operating forklifts at the Premises did not have sufficient training to operate the forklifts.

34.     Admit that the forklift Mr. Williams ran into on the date of the Incident was owned by Kroger.

35.     Admit that, prior to the date of the Incident, Kroger supplied forklifts for use at the Premises.

36.     Admit that Kroger had a duty to exercise ordinary care in keeping the Premises safe.

37.     Admit that Kroger had a duty to exercise ordinary care in keeping the Place of the Incident at the Premises safe.

38.     Admit that on the day of the Incident, Kroger failed to observe or undertake the necessary precautions to keep Mr. Williams safe and free from harm.

39.     Admit that, on the day of the Incident, Kroger did not take any action to warn Mr. Williams of the dangerous conditions at the Premises.

40.     Admit that Mr. Williams was not negligent in any way with regard to the Incident.

41.     Admit that, at the time of the Incident, there is nothing that Mr. Williams could have done immediately to avoid the Incident.

42.     Admit that Kroger caused the Incident that forms the basis of Plaintiff's Complaint.

43.     Admit that Kroger has been stubbornly litigious.

44.     Admit that Kroger has caused Plaintiff unnecessary trouble.

45.     Admit that Kroger has caused Plaintiff unnecessary expense.

46.     Admit that Kroger is responsible for causing Mr. Williams's injuries on the day of the Incident.

47.     Admit that Mr. Williams experienced some pain due to the Incident.

48.     Admit that Plaintiff's general and special damages were caused by Kroger's breach of its duty of care to Mr. Williams.

This ___ day of April, 2022.

                                        BROOKS INJURY LAW, LLC

                                        _____
                                        Natanya H. Brooks, Esq.
                                        Georgia Bar No: 341039
                                        Meredith S. Watts, Esq.
                                        Georgia Bar No: 362080
                                        *Attorneys for Plaintiff*

**BROOKS INJURY LAW, LLC**
3740 Davinci Court , Suite 150
Peachtree Corners, Georgia 30092
(678) 813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Dalaya Whyte-Gustavi

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ZURI WILLIAMS,

    Plaintiff,

    v.

THE KROGER CO., WITRON
INTEGRATED LOGISTICS CORP., and
JOHN DOE DEFENDANTS 1 THROUGH
12,

    Defendants.

CIVIL ACTION FILE
NO. 2022CV00876

JURY TRIAL DEMANDED

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
### TO DEFENDANT WITRON INTEGRATED LOGISTICS CORP.

Pursuant to O.C.G.A. §§ 9-11-36, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Witron Integrated Logistics Corp. respond under oath to the following requests within 45 days in accordance with the Definitions set forth below.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "Witron," "you" or "your" shall mean, collectively, Defendant Witron Integrated Logistics Corp. and its officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest, successors in interest, and any other person or entity acting on Witron's behalf or subject to Witron's control.

2.    "Kroger" shall mean, collectively, Defendant The Kroger Co. and its officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest, successors in interest, and any other person or entity acting on Kroger's behalf or subject to Kroger's control.

3.      "Capstone" shall mean, collectively, Capstone Logistics, LLC and its officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest, successors in interest, and any other person or entity acting on Capstone's behalf or subject to Capstone's control.

4.      "Document" is synonymous in meaning and equal in scope to its usage in O.C.G.A. § 9-11-34(a)(1), which includes "writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form." The term "document" includes all forms of electronically stored information ("ESI"), as well as related and relevant metadata for all ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments. ESI may be generated or stored in several locations, including social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. The term "document" includes any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

5.      "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

6.      The "Litigation" shall mean this proceeding, styled *Williams v. The Kroger Co. et al.*, currently pending in State Court of Clayton County.

7.      "Relate," "relating," or "regarding" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

8.     "Communication" means the transmission of information or data in any form including written, oral, electronic, or other transmissions, including without limitation personal conversations, e-mail, text message, any other method or means of electronic communication, conferences, telephone conversations, memoranda, letters, correspondence, reports, and publications, and shall include any means of conveying a message, thought, or idea from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

9.     The "Premises" shall mean the property located at 2000 Anvil Block Road, Forest Park, Georgia 30297.

10.    The "Place of the Incident" shall mean the area at the Premises where Plaintiff Zuri Williams was injured on August 3, 2020 when a forklift blade stabbed his foot.

11.    The "Incident" shall mean the forklift blade that stabbed Zuri Williams's foot on August 3, 2020 at the Premises, as fully detailed in Plaintiff's Complaint.

12.    The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

13.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

14.    The use of singular form includes plural, and vice versa.

15.    The use of present tense includes past tense, and vice versa.

### REQUESTS FOR ADMISSION

1.     Admit that Witron has been properly identified and named in the Complaint.

2.     Admit that there are no other parties who should be named in the Complaint.

3.     Admit that Witron is subject to the jurisdiction of this Court.

4.     Admit that venue is proper in this Court.

5.    Admit that Plaintiff's Complaint was filed within the Statute of Limitations.

6.    Admit that Witron was properly served with Plaintiff's Summons and Complaint.

7.    Admit that Witron was properly served with Plaintiff's Summons and Complaint within the Statute of Limitations.

8.    Admit that the Incident referred to in Plaintiffs' Complaint did, in fact, occur on August 3, 2020.

9.    Admit that you occupied a portion of the Premises from the time of commencement of occupation through August 3, 2020.

10.   Admit that you did not occupy any portion of the Premises on August 3, 2020.

11.   Admit that you owned the Place of the Incident at the Premises on August 3, 2020.

12.   Admit that you did not own the Place of the Incident at the Premises on August 3, 2020.

13.   Admit that you occupied the Place of the Incident at the Premises on August 3, 2020.

14.   Admit that you had the ability to control access to the Premises from the time of occupation through August 3, 2020.

15.   Admit that you had the ability to exclude others from the Premises from the time of occupation through August 3, 2020.

16.   Admit that you had access to the Premises from the time of occupation through August 3, 2020.

17.   Admit that from the time occupation through August 3, 2020, your employees had access to the Premises.

18.     Admit that from the time of occupation through August 3, 2020, your employees were present at the Premises.

19.     Admit that you occupied the Place of the Incident at the Premises on the date of the Incident.

20.     Admit that you did not occupy the Place of the Incident at the Premises on the date of the Incident.

21.     Admit that you had the ability to control access to the Premises on the date of the Incident.

22.     Admit that you had the ability to exclude others from the Premises on the date of the Incident.

23.     Admit that you had control over the work being performed by the employee operating the subject forklift on the date of the Incident.

24.     Admit that you had access to the Premises on the date of the Incident.

25.     Admit that on the date of the Incident, your employees had access to the Premises.

26.     Admit that on the date of the Incident, your employees were present on the Premises.

27.     Admit that on the date of the Incident, prior to the occurrence of the Incident, your employees were present on the Premises.

28.     Admit that you occupied the Place of the Incident at the Premises on the date of the Incident.

29.     Admit that you had the ability to control access to the Place of the Incident at the Premises on the date of the Incident.

30.     Admit that you had the ability to exclude others from the Place of the Incident at the Premises on the date of the Incident.

31.     Admit that you had access to the Place of the Incident at the Premises on the date of the Incident.

32.     Admit that on the date of the Incident, your employees had access to the Place of the Incident at the Premises.

33.     Admit that on the date of the Incident, your employees were present at the Place of the Incident at the Premises.

34.     Admit that on the date of the Incident, prior to the Incident, your employees were present at the Place of the Incident at the Premises.

35.     Admit that, prior to the date of the Incident, you had actual or constructive knowledge that employees operating forklifts at the Premises did not have training to operate the forklifts.

36.     Admit that, prior to the date of the Incident, you had actual or constructive knowledge that employees operating forklifts at the Premises did not have sufficient training to operate the forklifts.

37.     Admit that the forklift Mr. Williams ran into on the date of the Incident was owned by Witron.

38.     Admit that the forklift Mr. Williams ran into on the date of the Incident was not owned by Witron.

39.     Admit that, prior to the date of the Incident, Witron supplied forklifts for use at the Premises.

40.     Admit that Witron had a duty to exercise ordinary care in keeping the Premises safe.

41.     Admit that Witron had a duty to exercise ordinary care in keeping the Place of the Incident at the Premises safe.

42.     Admit that on the day of the Incident, Witron failed to observe or undertake the necessary precautions to keep Mr. Williams safe and free from harm.

43.     Admit that, on the day of the Incident, Witron did not take any action to warn Mr. Williams of the dangerous conditions at the Premises.

44.     Admit that Mr. Williams was not negligent in any way with regard to the Incident.

45.     Admit that, at the time of the Incident, there is nothing that Mr. Williams could have done immediately to avoid the Incident.

46.     Admit that Witron caused the Incident that forms the basis of Plaintiff's Complaint.

47.     Admit that Witron has been stubbornly litigious.

48.     Admit that Witron has caused Plaintiff unnecessary trouble.

49.     Admit that Witron has caused Plaintiff unnecessary expense.

50.     Admit that Witron is responsible for causing Mr. Williams's injuries on the day of the Incident.

51.     Admit that Mr. Williams experienced some pain due to the Incident.

52.     Admit that Plaintiff's general and special damages were caused by Witron's breach of its duty of care to Mr. Williams.

This ___ day of April, 2022.

**BROOKS INJURY LAW, LLC**

_____
Natanya H. Brooks, Esq.
Georgia Bar No: 341039
Meredith S. Watts, Esq.
Georgia Bar No: 362080
*Attorneys for Plaintiff*

**BROOKS INJURY LAW, LLC**
3740 Davinci Court , Suite 150
Peachtree Corners, Georgia 30092
(678) 813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ZURI WILLIAMS                              :
                                          :
          Plaintiff,                      :        Civil Action File No.
v.                                        :        2022CV00876
                                          :
THE KROGER CO, WITRON                     :
INTEGRATED LOGISTICS CORP., and           :
JOHN DOE DEFENDANTS 1 Through             :
12,                                       :
                                          :
          Defendant.                      :

## AFFIDAVIT OF SERVICE OF PROCESS

Comes now the undersigned, Sally Cunningham, and gives this her affidavit of service of process testifying and deposing as follows:

### (1)

I am the age of the majority and laboring with no mental disabilities. I give this affidavit based on personal knowledge.

### (2)

I served upon The Kroger Co. a Summons and Complaint for Damages, General Civil and Domestic Case Filing Information Form, Plaintiff's First Interrogatories to Defendant The Kroger Co., Plaintiff's First Requests for Admission to Defendant The Kroger Co., Plaintiff's Request for Production of Documents to Defendant The Kroger Co., Plaintiff's First Interrogatories to Defendant Integrated Logistics Corp., Plaintiff's First Requests for Admission to Defendant Integrated Logistics Corp., and Plaintiff's Request for Production of Documents to Defendant Integrated Logistics Corp., in regards to the above-styled action by leaving copies with Terri Thompson an authorized representative of their Registered Agent CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125, Marietta, GA 30060 on May 5, 2022 at 4:02 P.M.

Further affiant sayeth not.  This 5th day of _____, 2022

_____
Signature

Sworn to and subscribed before me this
5th day of _____, 2022
_____
Notary Public, State of Georgia
My commission expires:

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

RECEIVED & FILED

JAN 05 2022

CLERK STATE COURT
CLAYTON COUNTY

**ORDER FOR APPOINTMENT FOR PROCESS SERVICE**

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Cunningham, Sally | Hassan, Muhsin | Morgan, Todd | Saxon-Ford, Virginia |
| Adonni Huguley, CK | Dambach-Cirko, P. | Hassan, Muhsin S. | Mott, Cynthia | Seklecki, Christian |
| Anderson, Qaisar | Davidson, Danny | Highsmith, Amos | Murphy, Jr. Gregory | Singleton, Wesley |
| Andrews, II. Gene | Davidson, Mitchell | Hill, Hollis | Murrah, JuanQualo | Smith, Ronald |
| Armstrong, C. | Day, Duane | Hines, Jr. James | Nichols, Jean | Snellings, Sharon |
| Bailey, Anna | Earthrise, Rochelle | Horton, Christopher | Nichols, Lathan | Spears, Joye |
| Barnes, Kristopher | Echols, Eric | Horton, Malachi | Nolen, Milton | Starks, Marc |
| Barron, Shane | Echols, Patricia | Hudson, Kyle | Palmer, Alita | Stephens, Geri |
| Basham, James | Farkas, Bela | Jackson, II. Anthony | Parker, Ernesqueshia | Stinyard, Kelvin |
| Benito, Richard | Fazzio, Dedrea | James, Frank | Perlson, Marc | Stone, Alesia |
| Brazeman, Craig | Fisher, Dawn | Jenkins, Stephanie | Phelan, Christine | Swindle, Frank |
| Bridges, Kayla | Folds, Catherina | Johnson, Todd | Phelan, Ross | Swinger, Ina |
| Briley, Donnie | Folds, George | Kahssu, Haile | Rhodes, Kathryn | Tassaw, Berhane |
| Bryant, Shemika | Ford, Ronnie | Kotlar, Michael | Richardson, Clark | Thomas, Jeffrey |
| Bunch, Kim | Fuller, Thomas | Lawson, Zuri | Richardson, Leroy | Thompson, Vanessa |
| Butts, Kimberly | Garmon, Jason | Lewis, Kevin | Robbins, Karen | Thrash, Nancy |
| Byer, Edmond | Gayle, Earl | Lutwack, William | Ruddock, Leopold | Turner, Travis |
| Cabrera-Anderson, S. | Gibbs, III. Thomas | Mallas, Nicholas | Ruddock, Margaret | Walker Whisby. K. |
| Childress, Clifton | Giles, Herbert | McClellan, Rodney | Sadler, Jr. John | Weaver, Sebastian |
| Clemmons, Joyce | Greenway, Kimberly | McGahee, Larry | Saxon, Jasmine | Weeks, Frances |
| Cline, Travis | Grimshaw, Shane | McMillon, Ericka | Saxon, Rashad | West, Eric |
| Cochrane, Babette | Harris, Parks | Mitchell, Kevin | Saxon, Robin | Winkelman, Nan |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2022, without the necessity of an order for appoint in each individual case.

SO ORDERED this ___3___ day of ___January___, 20_22_.

Chief Judge Linda S. Cowen

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ZURI WILLIAMS                                          :
                                                      :
          Plaintiff,                                  :          Civil Action File No.
v.                                                    :          2022CV00876
                                                      :
THE KROGER CO, WITRON                                 :
INTEGRATED LOGISTICS CORP., and                       :
JOHN DOE DEFENDANTS 1 Through                          :
12,                                                   :
                                                      :
          Defendant.                                  :

### AFFIDAVIT OF SERVICE OF PROCESS

Comes now the undersigned, Sally Cunningham, and gives this her affidavit of service of process testifying and deposing as follows:

### (1)

I am the age of the majority and laboring with no mental disabilities. I give this affidavit based on personal knowledge.

### (2)

I served upon Witron Integrated Logistics Corp a Summons and Complaint for Damages, General Civil and Domestic Case Filing Information Form, Plaintiff's First Interrogatories to Defendant The Kroger Co., Plaintiff's First Requests for Admission to Defendant The Kroger Co., Plaintiff's Request for Production of Documents to Defendant The Kroger Co., Plaintiff's First Interrogatories to Defendant Integrated Logistics Corp., Plaintiff's First Requests for Admission to Defendant Integrated Logistics Corp., and Plaintiff's Request for Production of Documents to Defendant Integrated Logistics Corp., in regards to the above-styled action via Linda Banks, an authorized representative of its Registered Agent, CT Corporation System, 289 South Culver St., Lawrenceville, GA 30046 on May 6, 2022 at 3:00 P.M.

Further affiant sayeth not. This _8th_ day of _May_____, 2022.

_____
Signature

Sworn to and subscribed before me this
_8th_ day of _May____ 2022

_____
Notary Public, State of Georgia
My commission expires: 4/30/2024

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

RECEIVED & FILED

JAN 05 2022

CLERK STATE COURT
CLAYTON COUNTY



## ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Abraham, Robyn | Cunningham, Sally | Hassan, Muhsin | Morgan, Todd | Saxon-Ford, Virginia |
| Adonni Huguley, CK | Dambach-Cirko, P. | Hassan, Muhsin S. | Mott, Cynthia | Seklecki, Christian |
| Anderson, Qaisar | Davidson, Danny | Highsmith, Amos | Murphy, Jr. Gregory | Singleton, Wesley |
| Andrews, II. Gene | Davidson, Mitchell | Hill, Hollis | Murrah, JuanQualo | Smith, Ronald |
| Armstrong, C. | Day, Duane | Hines, Jr. James | Nichols, Jean | Snellings, Sharon |
| Bailey, Anna | Earthrise, Rochelle | Horton, Christopher | Nichols, Lathan | Spears, Joye |
| Barnes, Kristopher | Echols, Eric | Horton, Malachi | Nolen, Milton | Starks, Marc |
| Barron, Shane | Echols, Patricia | Hudson, Kyle | Palmer, Alita | Stephens, Geri |
| Basham, James | Farkas, Bela | Jackson, II. Anthony | Parker, Ernesqueshia | Stinyard, Kelvin |
| Benito, Richard | Fazzio, Dedrea | James, Frank | Perlson, Marc | Stone, Alesia |
| Brazeman, Craig | Fisher, Dawn | Jenkins, Stephanie | Phelan, Christine | Swindle, Frank |
| Bridges, Kayla | Folds, Catherina | Johnson, Todd | Phelan, Ross | Swinger, Ina |
| Briley, Donnie | Folds, George | Kahssu, Haile | Rhodes, Kathryn | Tassaw, Berhane |
| Bryant, Shemika | Ford, Ronnie | Kotlar, Michael | Richardson, Clark | Thomas, Jeffrey |
| Bunch, Kim | Fuller, Thomas | Lawson, Zuri | Richardson, Leroy | Thompson, Vanessa |
| Butts, Kimberly | Garmon, Jason | Lewis, Kevin | Robbins, Karen | Thrash, Nancy |
| Byer, Edmond | Gayle, Earl | Lutwack, William | Ruddock, Leopold | Turner, Travis |
| Cabrera-Anderson, S. | Gibbs, III. Thomas | Mallas, Nicholas | Ruddock, Margaret | Walker Whisby, K. |
| Childress, Clifton | Giles, Herbert | McClellan, Rodney | Sadler, Jr. John | Weaver, Sebastian |
| Clemmons, Joyce | Greenway, Kimberly | McGahee, Larry | Saxon, Jasmine | Weeks, Frances |
| Cline, Travis | Grimshaw, Shane | McMillon, Ericka | Saxon, Rashad | West, Eric |
| Cochrane, Babette | Harris, Parks | Mitchell, Kevin | Saxon, Robin | Winkelman, Nan |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2022, without the necessity of an order for appoint in each individual case.

SO ORDERED this 3 day of January, 2022.

Chief Judge Linda S. Cowen