# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ZURI WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER CO., WITRON INTEGRATED LOGISTICS CORP., WIOSS ATLANTA, LP, HOOD-CLAYTON LOGISTICS, LLC, AMERICOLD LOGISTICS, LLC, DOMINIQUE GATSON, and JOHN DOE DEFENDANTS 1 THROUGH 12,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:22-cv-02223-SEG<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff Zuri Williams files this Second Amended Complaint for Damages against Defendants The Kroger Co., Witron Integrated Logistics Corp., Wioss Atlanta, LP, Hood-Clayton Logistics, LLC, Americold Logistics, LLC, Dominique Gatson, and John Doe Defendants 1 through 12, showing the Court as follows:

1.

Plaintiff Zuri Williams is a resident of the State of Mississippi.

2.

Defendant The Kroger Co. ("Kroger") is a foreign corporation incorporated under the laws of the State of Ohio with its principal place of business located in Ohio. Kroger is registered to transact business in the State of Georgia and was served with process through its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, Cobb County, Georgia 30060.

3.

Defendant Kroger has been properly served with process in this action.

4.

Defendant Witron Integrated Logistics Corp. ("Witron") is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business located in Illinois. Witron is registered to transact business in the State of Georgia and was served with process through its registered agent, CT Corporation, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

5.

Defendant Witron has been properly served with process in this action.

6.

Defendant Hood-Clayton Logistics LLC ("Hood-Clayton") is a domestic limited liability company organized under the laws of the State of Georgia with its principal place of business located at 1014 Vine Street, The Kroger Co., Cincinnati, Ohio 45202-1100. Upon information and belief, The Kroger Co. is Hood-Clayton's sole member. Hood-Clayton can be served through its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

7.

Defendant Hood-Clayton has been properly served with process in this action.

8.

Defendant WIOSS Atlanta, LP ("Wioss") is a foreign limited partnership organized under the laws of the State of Delaware with its principal place of business at 1230 Peachtree Street. NE, Suite 3100, Atlanta, Georgia 30309. Upon information and belief, Wioss's General Partner is WITRON Service America, LLC, a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Illinois. Upon information and belief, WITRON Service America, LLC's member is Witron Service GmbH &

Co. KG, a German corporation. Wioss can be served through its registered agent, Florian A. Stamm, at 1105 W. Peachtree Street NE, Suite 1000, Atlanta, Georgia 30309.

9.

Defendant Wioss has been properly served with process in this action.

10.

Defendant Americold Logistics, LLC ("Americold") is a foreign limited liability company organized under the laws of the State of Delaware with its principal place of business located at 10 Glenlake Parkway, 600 South Tower, Atlanta, Georgia 30328. Upon information and belief, Americold's parent company is Americold Realty Trust, a foreign corporation organized under the laws of the State of Delaware with its principal place of business located in Georgia. Americold is registered to transact business in the State of Georgia and may be served with process through its registered agent, CT Corporation, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

11.

Defendant Americold has been properly served with process in this action.

-5-

12.

Defendant Dominique Gatson is a citizen and resident of the State of Georgia. Mr. Gatson can be served with this lawsuit at his current residence located at 8108 Flamingo Drive, Jonesboro, Georgia 30238.

13.

Defendant Gatson has been properly served with process in this action.

14.

John Doe Defendants 1 through 3, whether singular or plural, are those entities or persons that had a duty or responsibility to hire, train, retain, and/or manage any and all individuals that operated the subject forklift on the date of the incident.

15.

John Doe Defendants 4 through 6, whether singular or plural, are those entities or persons that had a duty or responsibility to inspect, maintain, repair, or otherwise assume any level of responsibility for the subject forklift on the date of the incident.

16.

John Doe Defendants 7 through 9, whether singular or plural, are those entities or persons that owned, leased, occupied, operated, maintained, inspected, controlled and/or managed the subject forklift on the date of the incident.

17.

John Doe Defendants 10 through 12, whether singular or plural, are those persons that operated the subject forklift on the date of incident and had any level of responsibility in how it was parked prior to injuring Plaintiff.

18.

The John Doe Defendants 1 through 12 are incorporated where any Defendant is referenced in this civil action.

19.

Jurisdiction and venue are proper in this Court.

20.

On August 3, 2020, Zuri Williams was employed by Capstone Logistics, LLC ("Capstone") and was working at 2000 Anvil Block Road, Forest Park, Georgia 30297 (the "Premises"). Kroger owned the Premises on August 3, 2020, and Hood-Clayton Logistics, LLC leased the Premises.

21.

On August 3, 2020, Mr. Williams was seriously injured at the Premises. Mr. Williams was driving a ridable pallet jack to its designated parking area at the Premises. Unknown to Mr. Williams was that a forklift had been left parked with its blades in a raised position around the corner. As Mr. Williams turned the corner, he was stabbed in the foot by the forklift blade (the "Incident"). Mr. Williams suffered serious injuries to his foot because of the impact.

22.

Upon information and belief, at the time of the Incident, Defendants owned, leased, controlled, maintained, and/or managed the subject forklift that was operated by one or more Co-Defendants, including Defendant Gatson, at the time of the Incident.

23.

At the time of the Incident, Defendants had a duty to operate the forklift with ordinary care and to keep the Premises safe for invitees, like Mr. Williams.

24.

As a direct and proximate consequence of the wrongful acts and omissions of the Defendants, Mr. Williams sustained serious injury to his foot. Defendants' acts were a cause-in-fact and a proximate cause of such injuries. All Defendants

are jointly and severally liable for the acts and claims set forth herein.

25.

At all relevant times and under the circumstances then existing on the date of the Incident, Mr. Williams exercised ordinary care and diligence and was a victim free of any contribution to his injuries.

26.

Mr. Williams had no constructive or actual knowledge of the dangerous condition of the Premises, as described herein.

27.

Prior to the date of the Incident, Defendants had actual and constructive knowledge that untrained persons operated forklifts at the Premises before the time of the Incident, but negligently permitted said activity to exist and remain.

28.

Prior to the date of the Incident, Defendants negligently failed to enact, promulgate, implement, or enforce policies and procedures for the safe operation of forklifts including, but not limited to, ensuring forklifts were properly operated at the Premises.

29.

Despite this, Defendants negligently failed to take action to ensure the safety

of persons performing work at the Premises.

30.

Defendants were negligent and said negligence proximately caused Mr. Williams's injuries. Said negligence includes, but is not limited to:

a. Violation of federal, state, and local building and safety codes and/or standards for failure to provide a safe work environment, as may be proven at trial;

b. In failing to observe adequate safety standards of invitees at the Premises;

c. In failing to promulgate and enforce company policies, procedures, and rules for the protection of Mr. Williams and others similarly situated;

d. In failing to properly inspect, maintain, and operate forklifts at the Premises;

e. In failing to properly hire, supervise, train, and retain people to operate forklifts at the Premises;

f. In parking the subject forklift with the blades in a raised position; and

g. All other acts of negligence to be proven at trial.

31.

Defendants were negligent per se.

32.

Defendants negligently employed, retained, trained, and supervised employees on the Premises and are liable under theories of agency, respondeat superior, and vicarious liability.

33.

Defendants were negligent in failing to provide adequate onsite safety supervision of employees, independent contractors, subcontractors, and/or other business invitees.

34.

Defendants were negligent in failing to exercise ordinary care to keep the Premises safe for invitees, including Mr. Williams, in violation of O.C.G.A. § 51-3-1.

35.

Defendants are liable for Mr. Williams's injuries, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia. Defendants are liable to Mr. Williams directly, as well as under theories of respondeat superior and agency principles.

36.

Mr. Williams is entitled to recover from Defendants damages in an amount to be proven at trial.

37.

The damages claimed by Mr. Williams were proximately caused by the negligent acts and omissions of Defendants.

38.

As a direct and proximate result of Defendants' negligence, Mr. Williams suffered severe physical injuries, accumulating both special and general damages, including past and future medical expenses, other necessary expenses, past and future lost earnings, mental and physical pain and suffering due to bodily injuries and personal inconvenience, and disabilities and disfigurement which have impacted his ability to lead a normal life.

39.

To date, Mr. Williams has incurred over $72,000 in special damages (which continue to accrue) as a direct and proximate result of Defendants' negligence.

40.

Each of the foregoing acts and omissions of Defendants constitute an independent act of negligence on the part of Defendants, and one or more or all

above-stated acts were the proximate cause of all injuries of Mr. Williams. Defendants are liable for the injuries sustained, pain and suffering, expenses of treatment, and all other elements of damage recoverable under Georgia law.

41.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve his claims when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays that:

a. the Summons and Complaint be served upon Defendants according to the law;

b. Plaintiff recover from Defendants all damages for all loses compensable under Georgia law, as set forth above;

c. Plaintiff recover from Defendants a sum of damages to compensate him for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

d. Plaintiff be awarded pre-judgment interest on all damages allowed by law;

e. Interest on the judgment be awarded at the legal rate from the date of judgment;

f. All costs of this action be taxed against Defendants; and

g. Plaintiff have any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which he has a right to a jury.

This 20th day of July, 2022.

                                                  Respectfully submitted,

                                                  */s/ Meredith S. Watts*

| Brooks Injury Law, LLC | Natanya H. Brooks, Esq. |
|---|---|
| 3740 Davinci Court, Suite 150 | Georgia Bar No. 341039 |
| Peachtree Corners, Georgia 30092 | Meredith S. Watts, Esq. |
| (678) 813-2202 | Georgia Bar No. 362080 |
| nhb@brooksinjurylaw.com | |
| msw@brooksinjurylaw.com | *Attorneys for Plaintiff* |

## CERTIFICATE OF FONT AND POINT SELECTION

Undersigned counsel hereby certifies, pursuant to L.R. 7.1(D), N.D. Ga., that the foregoing was prepared in Times New Roman, 14-point font, which is one of the font and point selections approved in L.R. 5.1., N.D. Ga.

This 20th day of July, 2022.

*/s/ Meredith S. Watts*
Meredith S. Watts

## CERTIFICATE OF SERVICE

I certify that this day, I electronically filed the foregoing **Second Amended Complaint for Damages** with the clerk's office CM/ECF system, which will send email notification to the counsel of record.

This 20th day of July, 2022.

*/s/ Meredith S. Watts*
Meredith S. Watts
