## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ZURI WILLIAMS,

    Plaintiff,

v.

THE KROGER CO., WITRON
INTEGRATED LOGISTICS
CORP., WIOSS ATLANTA, LP,
HOOD-CLAYTON LOGISTICS,
LLC, AMERICOLD LOGISTICS,
LLC, DOMINIQUE GATSON,
and JOHN DOE DEFENDANTS 1
THROUGH 12,

    Defendants.

Civil Action File No:  1:22-cv-02223-SEG

## DEFENDANT WIOSS ATLANTA, LP'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW Wioss Atlanta, LP, (hereinafter "Defendant"), Defendant in the above-styled civil action, and responds with these Defenses and Answer to Plaintiff's Second Amended Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

## SECOND DEFENSE

No alleged breach of any duty by this Defendant was the proximate cause of Plaintiff's alleged damages.

## THIRD DEFENSE

Defendant shows that even if it breached some duty to the Plaintiff (which it denies), there intervened between such alleged breach of duty by Defendant and the alleged damage to Plaintiff, the unforeseen acts or omissions of other persons or entities such that any claim against this Defendant is barred.

## FOURTH DEFENSE

Plaintiff's damages were caused by the acts or omissions of persons or entities other than this Defendant.

## FIFTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault or liability, Defendant shows that any recovery by or on behalf of Plaintiff for injuries and/or damages may be barred or reduced by the percentage of the total tortious conduct attributable to any other parties and non-parties pursuant to the terms and provisions of O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Pending further investigation and discovery, Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged

failure to act by Defendant.

## **SEVENTH DEFENSE**

Pending further investigation and discovery, Defendant raises the defense of assumption of the risk.

## **EIGHTH DEFENSE**

Pending further investigation and discovery, Defendant raises the defenses that Plaintiff's was contributorily and/or comparatively negligent.

## **NINTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the exclusive remedy doctrine.

## **TENTH DEFENSE**

Defendant responds to the numbered paragraphs of Plaintiff's Second Amended Complaint for Damages as follows:

1.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

2.

Defendant admits The Kroger Co. is a foreign corporation incorporated under the laws of the State of Ohio. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

3.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

4.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

5.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

6.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

7.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

8.

Defendant admits the allegations in Paragraph 8.

9.

Defendant admits the allegations in Paragraph 9.

10.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

11.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

12.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

13.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

14.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

15.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

16.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

17.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

18.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

19.

Defendant denies venue is proper as to this Defendant. Defendant admits the Court has personal and subject matter jurisdiction. Defendant is without sufficient

information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

20.

Answering Paragraph 20, Defendant admits that upon belief, on August 3, 2020, Plaintiff Zuri Williams was employed by Capstone Logistics, LLC and was working at the location described. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

21.

Answering Paragraph 21, Defendant admits that on August 3, 2020, Plaintiff Zuri Williams was driving a pallet jack at the described premises, that a forklift had been parked with its blades not fully down, and that Plaintiff impacted the forklift blade. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

22.

Answering Paragraph 22, Defendant denies that it owned, leased, or maintained the forklift. Defendant admits that upon belief, its employee Gatson parked the described forklift, however, at the time of the accident, the forklift was not in use being operated. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

23.

Answering Paragraph 23, Defendant admits only to those duties owed under law, and denies any allegations inconsistent therewith. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

24.

Defendant denies the allegations in Paragraph 24.

25.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

26.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

27.

Defendant denies the allegations in Paragraph 27.

28.

Defendant denies the allegations in Paragraph 28.

29.

Defendant denies the allegations in Paragraph 29.

30.

Defendant denies the allegations in Paragraph 30.

31.

Defendant denies the allegations in Paragraph 31.

32.

Answering Paragraph 32, Defendant admits the doctrine of respondeat superior applies for its employees acting in the course and scope of their employment with this Defendant. Defendant denies it negligently employed, trained, or supervised employees. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny the same.

33.

Defendant denies the allegations in Paragraph 33.

34.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

35.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

36.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

37.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

38.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

39.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

40.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint and, therefore, can neither admit nor deny the same.

41.

Defendant denies the allegations in Paragraph 41.

Any allegations of the Second Amended Complaint for Damages not heretofore specifically admitted are denied.

WHEREFORE, having fully answered, Defendant prays for judgment in its favor.

**DEFENDANT DEMANDS TRIAL BY TWELVE PERSON JURY ON ANY ISSUES THAT REQUIRE JURY DETERMINATION.**

Respectfully submitted this 10th day of August, 2022.

_s/ Gwendolyn D. Havlik_____
Stevan A. Miller
***Georgia Bar No. 508375***
Gwendolyn D. Havlik
***Georgia Bar No. 574891***

DREW ECKL & FARNHAM, LLP
303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: millers@deflaw.com
E-mail: havlikg@deflaw.com
***Attorneys for Defendant Wioss Atlanta, LP***

12846282v1
09162-234726

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendant Wioss Atlanta, LP hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 10th day of August, 2022.

DREW ECKL & FARNHAM, LLP

*s/ Gwendolyn D. Havlik*
Gwendolyn D. Havlik
**Georgia Bar No. 574891**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: havlikg@deflaw.com
**Attorneys for Defendant Wioss Atlanta, LP**

12846282v1
09162-234726

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ZURI WILLIAMS, | |
| Plaintiff, | |
| v. | Civil Action File No: 1:22-cv-02223-SEG |
| THE KROGER CO., WITRON INTEGRATED LOGISTICS CORP., WIOSS ATLANTA, LP, HOOD-CLAYTON LOGISTICS, LLC, AMERICOLD LOGISTICS, LLC, DOMINIQUE GATSON, and JOHN DOE DEFENDANTS 1 THROUGH 12, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am counsel for Defendant Wioss Atlanta, LP and that I have this day served a copy of the forgoing *DEFENDANT WIOSS ATLANTA, LP'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES* upon all parties to this matter by filing with the Court's CMECF filing system, which will automatically deliver electronic notification to the following counsel of record:

Natanya H. Brooks, Esq.
Meredith S. Watts, Esq.
Brooks Injury Law, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, Georgia 30092

Jeffrey M. Wasick, Esq.
Matthew G. Moffett, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
950 East Paces Ferry Road, NE
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326


This 10th day of August, 2022.

                                   *s/ Gwendolyn D. Havlik*
                                   Gwendolyn D. Havlik
                                   **Georgia Bar No. 574891**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: havlikg@deflaw.com
**Attorneys for Defendant Wioss Atlanta, LP**

12846282v1
09162-234726